## HOPKINS v. BEARD.

There is no particular sanctity about a sealed instrument which will estop a party from alleging fraud in the execution or in the obtaining of it; on the contrary, fraud is a legitimate defence at all times and in all proceedings, at least under our system.

APPEAL from the Superior Court of the City of San Francisco.

This was an action brought by C. Hopkins against E. L. Beard to recover the sum of $91,467 23, alleged to have been paid by the plaintiff on a note for $63,870, with interest at four per cent. per month, executed by plaintiff and defendant jointly, and secured by a mortgage on joint property, to C. K. Garrison, but for the individual debt of the defendant, and finally paid, on foreclosure, by plaintiff.

The issues tried are mostly of fact, and unnecessary to the report of the case.

There were put in proof by the plaintiff two instruments executed between the parties to this action. The first is a deed of settlement, executed June 1, 1854, in which the defendant admits that he is indebted to the plaintiff in the sum of $30,000, exclusive of the Garrison debt, which is admitted to be the individual debt of the defendant. The second is a deed from the defendant to the plaintiff, executed at a later hour on the same day, of a portion of the mortgaged premises so jointly owned by them, recognizing the indebtedness of $30,000 recited in the deed of settlement, and providing that nothing in the latter deed contained should be construed against the acknowledgment of that indebtedness.

On the trial, the defendant offered to show that the deed of settlement was procured by fraud, and as a predicate, offered in evidence the account on which the settlement was based, which was excluded by the Court, on the ground that the deed of settlement was conclusive; to which defendant excepted.

There was an attempt on trial to connect the two deeds as one transaction, although executed at different times on the same day, and the defendant asked the Court to instruct the jury that the exception of the Garrison debt in the deed of settlement had no tendency to show that such debt was not the consideration of the conveyance by Beard to

Hopkins, which was refused by the Court, under the exception of defendant. The jury found a verdict for plaintiff for $151,462. Motion for new trial made and overruled, and judgment entered on the verdict. Defendant appealed.

*Robinson, Beatty and Botts* for Appellant.

*V. E. Howard and L. D. Sawyer* for Respondent.

Mr. Chief Justice MURRAY delivered the opinion of the Court. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred.

On the trial of this cause, the defendant offered to show that a deed of settlement, executed by himself and the plaintiff, which was introduced in evidence by the plaintiff, had been obtained from him by fraud and misrepresentation, and as a predicate for this evidence, offered the account on which said settlement was based, which was excluded by the Court, on the ground that the deed of settlement was conclusive, and that the Court could not go behind it.

The answer of the defendant was in the nature of a cross-bill in equity, and distinctly set up this ground of defence. The issue was properly made by the pleadings, and the evidence was admissible. There is no particular sanctity about a sealed instrument, which will estop a party from alleging fraud in the execution, or in the obtaining of it, but on the other hand, fraud is a legitimate defence, at all times and in all proceedings—at least under our system. The Court also erred in refusing the first instruction asked by the defendant's counsel.

There was an attempt on the trial to connect the two deeds, although the evidence shows that they were made at different times of the same day. The first instrument acknowledges the debt as the private debt of Beard, while the second does not state distinctly the condition of the conveyance of Beard's interest; but as it was contended, on the part of the defence, that the payment of Beard's debt to Garrison was the consideration of the latter conveyance, and evidence had been introduced to support that hypothesis, the instruction " that the presumption which might arise from other facts, that the consideration of the conveyance, made in the latter part of the day, was the payment of Beard's debt, is in no manner rebutted by the fact that the debt was recognized as the debt of Beard in the previous instrument," was correct, and should have been given.

Upon a thorough examination of the whole case, we are satisfied that the defendant is entitled, upon the law and facts, to a new trial.

Judgment reversed, and cause remanded.